UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DONALD B. HODGES, JOYCE R. KENDRICK, Individually and on behalf of the Washington Regional 401(k) Plan, and on behalf of all similarly situated participants and beneficiaries of the plan,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON REGIONAL MEDICAL SYSTEM and the PENSION COMMITTEE,<br><br>Defendants. | Case No.: 5:26-cv-05070-TLB |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEADLINE FOR INITIAL DISCLOSURES AND TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Washington Regional Medical System ("Washington Regional") and the Pension Committee ("Committee") (collectively, "Defendants") respectfully move to vacate the deadline for initial disclosures and to stay discovery pending resolution of Defendants' fully-briefed Motion to Dismiss. Good cause exists for Defendants' request for the reasons provided below. The Parties met and conferred in good faith on the subject of this motion on July 9, 2026, and were not able to resolve their disagreements without the intervention of the Court.

## BACKGROUND

On April 6, 2026, Plaintiffs filed their Complaint (Dkt. No. 2) alleging on behalf of a putative class that Defendants breached their fiduciary duty of prudence and related duty to monitor under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.

1

§ 1001 *et seq*. ("ERISA").  Specifically, Plaintiffs allege that Defendants breached their fiduciary duties during a putative six-year class period by including an allegedly-underperforming suite of American Century target date funds in the Washington Regional 401(k) Plan's ("Plan") investment lineup.  *See* Dkt. No. 2 at ¶¶ 3, 19.  This case is one of more than a dozen near-identical breach of fiduciary duty strike suits filed by Plaintiffs' counsel this year.[1]  *See* Dkt No. 13-1 at 1; *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014) (requiring district courts to "divide the plausible sheep from the meritless goats").

On June 15, 2026, Defendants filed a comprehensive motion to dismiss which, if successful, would result in the dismissal of all claims.  Dkt. No. 13-1 ("Motion to Dismiss" or "Mot.").  On June 29, 2026, Plaintiffs filed their response, and on July 7, 2026, Defendants filed their reply.

On June 22, 2026, the Court entered an Initial Scheduling Order (Dkt. No. 17, "Order"), requiring the parties to conduct a Fed. R. Civ. P. 26(f) conference by July 14, 2026; file their Rule 26(f) Report by July 28, 2026; make initial disclosures by August 4, 2026; and "produce core discovery documents" by August 4, 2026.  *See* Order at 1–3.  The Order also set a Case Management Hearing for August 10, 2026.  *Id.*

---

[1] *See, e.g.*, *O'Malia v. Northwest Bank, et al.*, No.1:26-cv-00160 (W.D. Pa. June 29, 2026); *Akey et al. v. Big Y Foods, Inc., et al.*, No. 3:26-cv-30098 (D. Mass. June 24, 2026); *Benotti v. Lockton, Inc.*, No. 4:26-cv-00188 (W.D. Mo. Mar. 6, 2026); *Browning v. Station Casinos LLC*, No. 2:26-cv-00603 (D. Nev. Mar. 4, 2026); *Carter v. Sig Sauer, Inc.*, No. 1:26-cv-00098 (D.N.H. Feb. 10, 2026); *Chavez v. Plan Pros., LLC*, No. 3:26-cv-02692 (D.N.J. Mar. 16, 2026); *Henson v. Howard Cnty. Gen. Hosp., Inc.*, No. 1:26-cv-01172 (D. Md. Mar. 20, 2026); *Knaggs v. Gilbane, Inc.*, No. 1:26-cv-00153 (D.R.I. Mar. 12, 2026); *Macey v. J.E. Dunn Constr. Co.*, No. 4:26-cv-00173 (W.D. Mo. Feb. 26, 2026); *McCullough-Adams v. John Hopkins Health Sys. Corp.*, No. 1:26-cv-00515 (D. Md. Feb. 6, 2026); *Noetling v. Ivanti, Inc.*, No. 2:26-cv-00208 (D. Utah Mar. 11, 2026); *Scholin v. Digi-Key Corp.*, No. 0:26-cv-01485 (D. Minn. Feb. 17, 2026); *Rawles v. Med. Fac. Assocs., Inc.*, No. 1:26-cv-00929 (D.D.C. Mar. 17, 2026); *Wakefield v. Insulet Corp.*, No. 1:26-cv-10971 (D. Mass. Feb. 24, 2026); *Wolfe v. FJ Mgmt. Inc.*, No. 2:26-cv-00383 (D. Utah May 7, 2026).

Defendants respectfully request, for the reasons set forth below, that the Court stay these discovery deadlines pending the resolution of Defendants' Motion to Dismiss.

## LEGAL STANDARD

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In determining whether to stay discovery pending resolution of a motion to dismiss, courts in this Circuit consider the following factors: "(1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources." *Jason M. Hatfield, P.A. v. Ornelas*, No. 5:22-cv-05110, 2022 WL 3129069, at *1 (W.D. Ark. Aug. 4, 2022) (citing *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-2796, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)). Courts in this Circuit regularly grant motions to stay discovery pending resolution of a motion to dismiss. *See, e.g.*, *Dunn v. Nelnet*, No. 5:25-cv-05107 (W.D. Ark. July 14, 2025), Dkt. No. 34; *Hammack v. Becerra*, No. 2:23-cv-02118 (W.D. Ark. Feb. 13, 2024), Dkt. No. 27; *Nesbitt v. TransUnion, LLC*, No. 5:26-cv-05085 (W.D. Ark. June 17, 2026), Dkt. No. 54.

**ARGUMENT**

Here, all four relevant factors weigh heavily in favor of a brief stay of discovery pending resolution of Defendants' Motion to Dismiss.

**I.      Defendants Are Likely to Succeed on the Merits of their Motion to Dismiss.**

Courts in this District must first consider the "likelihood of success on the merits" in assessing whether to stay discovery pending resolution of the motion to dismiss. *Jason M. Hatfield*, *P.A.*, 2022 WL 3129069, at \*1. Defendants "must show 'more than a mere possibility of success' on [their] motion," but they are "not required to demonstrate that [their] motion to dismiss has a greater than fifty percent probability of succeeding." *Dixon v. Edward D. Jones & Co., L.P.*, No. 4:22-cv-00284, 2022 WL 4245423, at \*2 (E.D. Mo. Sept. 15, 2022); *see Raimo v. Washington Univ. in St. Louis*, No. 4:20-cv-00634, 2021 WL 243559, at \*1 (E.D. Mo. Jan. 25, 2021) (granting stay of discovery where Defendants' "arguments for dismissal are colorable"); *Boyd v. Deadwood Tobacco Co.*, No. 5:24-cv-05017, 2024 WL 5167746, at \*1 (D.S.D. Dec. 19, 2024) (staying discovery is appropriate when a "potentially dispositive motion . . . appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law"); *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18CV01959 PLC, 2019 WL 4644021, at \*6 (E.D. Mo. Sept. 24, 2019) (granting stay where "all the claims will be resolved if the motion to dismiss is granted").

Here, Defendants easily meet that standard. As the Motion to Dismiss argues, the Complaint fails to meet the Eighth Circuit's most basic pleading requirement for a breach of fiduciary duty claim like this one. Specifically, the Complaint fails to plausibly allege that the American Century funds underperformed any "meaningful benchmark." *See* Mot. at 9–11; *Matousek v. MidAm. Energy Co.*, 51 F.4th 274, 278 (8th Cir. 2022); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823–25 (8th Cir. 2018). And even if Plaintiffs had pled a meaningful benchmark

(they have not), their Complaint also fails because Plaintiffs do not plausibly allege that the challenged funds suffered any sustained and material underperformance.  Mot. at 11–15.

The Supreme Court has cautioned district courts about allowing cases to proceed to discovery in this very scenario, instructing courts to "use existing tools at their disposal to screen out meritless claims *before* discovery."  *Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions") (emphasis added); *Fifth Third Bancorp*, 573 U.S. at 425 (requiring courts to "divide the plausible sheep from the meritless goats" at the motion to dismiss stage through "careful, context-sensitive scrutiny of a complaint's allegations").  This "weeding out [of] meritless claims" at the motion to dismiss stage is critical, *Fifth Third Bancorp*, 573 U.S. at 425, because, as Justice Alito recently warned, "in modern civil litigation, getting by a motion to dismiss is often the whole ball game because of the cost of discovery."  *Cunningham*, 604 U.S. at 710 (Alito, J., concurring) (noting the settlement pressures of discovery in ERISA cases); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.* ("*St. Vincent*"), 712 F.3d 705, 719 (2d Cir. 2013) (*Twombly* and *Iqbal* are intended to "prevent settlement extortion—using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit") (quoting *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010)).

Accordingly, with Defendants' Motion to Dismiss—grounded in directly applicable, binding precedent—pending before the Court, the first factor weighs heavily in favor of a stay.  *See Meiners*, 898 F.3d at 824 ("[T]he price of entry, even to discovery, is for the plaintiff to allege

a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome.") (quoting *St. Vincent*, 712 F.3d at 719).

## II.     Defendants Will Suffer Hardship and Inequity if Discovery is Not Stayed.

The Court "must also consider potential hardship to" Defendant "if the motion to stay is not granted." *Raimo*, 2021 WL 243559, at *1; *see Jason M. Hatfield*, *P.A.*, 2022 WL 3129069, at *1 (granting motion to stay discovery where "requir[ing] the parties to conduct discovery prior to a ruling on the motions to dismiss would likely produce hardship to Plaintiff and Defendants").

As the Supreme Court, the Eighth Circuit, and myriad other courts have recognized, the potential for hardship to defendants in ERISA class actions like this one is especially heightened due to the broad-ranging nature of the claims and the length of the class period.  *See Cunningham*, 604 U.S. at 708, 710 (describing the settlement pressure imposed by the costs of discovery in ERISA cases); *Meiners*, 898 F.3d at 824 (calling this discovery "costly and burdensome") (quoting *St. Vincent*, 712 F.3d at 719); *Fitzpatrick v. Nebraska Methodist Health Sys., Inc.*, No. 8:23-cv-27, 2023 WL 5105362, at *6 (D. Neb. Aug. 9, 2023) (recognizing the "extensive nature of discovery in large ERISA class actions"), *amended on other grounds sub nom.*, *Fitzpatrick v. Does 1-30*, No. 8:23-cv-27, 2024 WL 361195 (D. Neb. Jan. 31, 2024); *St. Vincent*, 712 F.3d at 719 ("[T]he prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times."); *Rajappan v. Bloomberg L.P.*, No. 26-CV-785 (GHW) (BCM), 2026 WL 1803704, at *2 (S.D.N.Y. June 23, 2026) (granting motion to stay similar underperformance case because "it is fairly clear that discovery will likely involve voluminous document production and review," and "if the motion to dismiss the FAC is granted," even "in part[,] . . . [defendants'] discovery burden will be significantly reduced").  Notably, discovery in these case falls almost entirely to defendants.  *See Rajappan*, 2026 WL 1803704, at *2 ("In putative class actions under

ERISA, discovery is often one-sided."); *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 666 (9th Cir. 2020) ("[C]lass action plaintiffs typically possess no or very limited discoverable materials, while defendants may have reams of documents"); *see also Cunningham*, 604 U.S. at 711 (Alito, J., concurring) (noting that "defendants facing [discovery] costs often calculate that it is efficient to settle a case even though they are convinced they would win if the litigation continued").

Just as in *St. Vincent, Rajappan*, and the other cases cited above, the same is true here. Absent a stay, Plaintiffs will be permitted to press forward with burdensome and costly one-sided discovery requests spanning a period of more than six years while incurring little cost themselves, all before the pleading viability of their claims has ever been determined. *See Cunningham*, 604 U.S. at 708. This hardship and inequity heavily favors a stay.

### III. Plaintiffs Will Suffer No Prejudice from a Stay of Discovery.

In contrast, Plaintiffs will suffer no prejudice from a short discovery stay, pending resolution of Defendants' Motion to Dismiss. The Motion is "already under advisement by the District Court. As such, any stay is likely to be relatively short." *Dufrene*, 2016 WL 10651947, at *4. There is no risk of losing evidence. *Rajappan*, 2026 WL 1803704, at *3 ("Plaintiff[s'] ERISA claims will necessarily rely in large part on financial documents, which defendants are of course under a duty to preserve."). And the case is in its earliest stages: No trial date has been set, and "the Court has the ability to extend" any later discovery period "to account for any time lost due to a stay." *Dufrene*, 2016 WL 10651947, at *4; *accord Blair v. Douglas Cnty.*, No. 8:11CV349, 2013 WL 2443819, at *2 (D. Neb. June 4, 2013) (burden of "potentially unnecessary discovery" outweighs any prejudice associated with relatively short stay).

Where Plaintiff can make no colorable showing of prejudice, this factor weighs heavily in favor of a stay.

**IV.    A Stay Would Preserve Judicial Resources.**

Finally, a short stay of discovery pending the resolution of Defendants' Motion to Dismiss would conserve Court resources. *Raimo*, 2021 WL 243559, at *1; *Jason M. Hatfield, P.A.*, 2022 WL 3129069, at *1; *Dufrene*, 2016 WL 10651947, at *4. Here, as discussed *supra*, Defendants' Motion could result in the dismissal of all claims, obviating any need for judicial resources to be used on scheduling or discovery disputes. *Raimo*, 2021 WL 243559, at *1 (staying discovery where the breadth of discovery was "likely substantial," the pending motion to dismiss would resolve all issues to which discovery was relevant, and a stay would conserve judicial resources); *Dixon*, 2022 WL 4245423, at *4 (similar); *Physicians Home Health*, 2019 WL 4644021, at *6 (similar); *Dufrene*, 2016 WL 10651947, at *4 (similar). As in those cases, a short stay of discovery here would result in the conservation of Court resources, and this factor weighs heavily in favor of granting a stay.

## CONCLUSION

The facts warrant a stay of discovery deadlines pending the resolution of Defendants' comprehensive Motion to Dismiss. The Motion is well-founded and likely to succeed on the merits; Defendants will suffer hardship and inequity if required to proceed with discovery while their Motion to Dismiss is pending; Plaintiffs will suffer no prejudice from a stay; and a stay would conserve judicial resources. Accordingly, Defendants respectfully request that the Court vacate the deadline for initial disclosures and stay all discovery pending resolution of Defendants' pending Motion to Dismiss.

Dated: July 15, 2026                                    Respectfully submitted,

                                                        */s/ William J. Delany*
                                                        William J. Delany (*pro hac vice*)
                                                        M. Caroline Wood (*pro hac vice*)

GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave. NW
Suite 1200
Washington, DC 20006
Tel: (202) 861-6643
Fax: (202) 659-4503
wdelany@groom.com
cwood@groom.com

*Counsel for Defendants Washington Regional Medical System and the Pension Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all parties of record.

/s/ William J. Delany
William J. Delany