**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| DONALD B. HODGES, JOYCE R. KENDRICK, Individually and on behalf of the Washington Regional 401(k) Plan, and on behalf of all the similarly situated participants and beneficiaries of the plan, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON REGIONAL MEDICAL SYSTEM and the PENSION COMMITTEE, <br><br><br> Defendants. | Case No. 5:26-cv-05070-TLB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE**
**DEADLINE FOR INITIAL DISCLOSURES AND TO STAY DISCOVERY**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION .......................................................................................................... 1

BACKGROUND .............................................................................................................. 2

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT.................................................................................................................. 4

    I.    Defendants make no particular and specific showing of hardship: the Motion rests on other cases' records, and Defendants describe discovery as simple, routine, and limited. .......... 4

    II.    Likelihood of success cannot carry the Motion. ................................................. 8

    III.    A stay would prejudice Plaintiffs and the class, while denial requires nothing of Defendants beyond what the Rules require of every litigant. ............................................... 10

    IV.    A stay would not conserve judicial resources; the promised economy materializes only if the Motion to Dismiss succeeds in full—the likelihood argument under another name. ..11

CONCLUSION................................................................................................................ 12

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Aquilar v. Ocwen Loan Servicing, LLC,*
   289 F. Supp. 3d 1000 (D. Minn. 2018) ...................................................................................... 3

*Blair v. Douglas County,*
   No. 8:11CV349, 2013 WL 2443819 (D. Neb. June 4, 2013)...................................................... 10

*Boyd v. Deadwood Tobacco Co.,*
   No. 5:24-CV-05017-CCT, 2024 WL 5167746 (D.S.D. Dec. 19, 2024)...................................... 9

*Braden v. Wal-Mart Stores, Inc.,*
   588 F.3d 585 (8th Cir. 2009)..................................................................................................... 5

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24,*
   236 F.R.D. 113 (E.D.N.Y. 2006) ............................................................................................... 3

*Christopherson v. Cinema Ent. Corp.,*
   No. 23-CV-3614 (JWB/LIB), 2024 WL 1120925 (D. Minn. Mar. 6, 2024) .............................. 4

*Clinton v. Jones,*
   520 U.S. 681 (1997)................................................................................................................... 1

*Dixon v. Edward D. Jones & Co., L.P.,*
   No. 4:22-CV-00284-SEP, 2022 WL 4245423 (E.D. Mo. Sept. 15, 2022) ..........................5, 6, 8

*Dufrene v. ConAgra Foods, Inc.,*
   No. 15-CV-3796 (WMW/LIB), 2016 WL 10651947 (D. Minn. Apr. 7, 2016) .................... 9, 10

*Gen. Dynamics Corp. v. Selb Mfg. Co.,*
   481 F.2d 1204 (8th Cir. 1973)............................................................................................ 1, 3, 4

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,*
   297 F.R.D. 69 (S.D.N.Y. 2013) ................................................................................................. 6

*Human Rights Defense Center v. Baxter Cnty.,*
   2017 WL 5593781 (W.D.Ark., 2017) ....................................................................................... 12

*Jason M. Hatfield, P.A. v. Ornelas,*
   No. 5:22-CV-05110, 2022 WL 3129069 (W.D. Ark. Aug. 4, 2022) ...................................... 4, 9

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936)...............................................................................................................3, 11

ii

*Marlon Blackwell Architects, P.A. v. HBG Design, Inc.*,
No. 4:19-CV-00925 KGB, 2020 WL 7007993 (E.D. Ark. Nov. 18, 2020) ................................. 3

*Matousek v. MidAmerican Energy Co.*,
51 F.4th 274 (8th Cir. 2022) ......................................................................................................... 9

*NetChoice, LLC v. Griffin*,
No. 5:23-CV-5105, 2024 WL 1262476 (W.D. Ark. Mar. 24, 2024) ................................... passim

*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.,* 712 F.3d 705 (2d Cir. 2013) ............................. 4

*Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*,
No. 4:18CV01959 PLC, 2019 WL 4644021 (E.D. Mo. Sept. 24, 2019) ........................ 8, 10, 11

*Raimo v. Wash. Univ. in St. Louis*,
4:20-CV-00634-SEP, 2021 WL 243559 (E.D. Mo. Jan. 25, 2021) ............................................. 6

*Rajappan v. Bloomberg L.P.*,
No. 26-CV-785 (GHW) (BCM), 2026 WL 1803704 (S.D.N.Y. June 23, 2026) ............... passim

*Rubke v. ServiceNow, Inc.*,
No. 24-CV-01050-TLT (PHK), 2024 WL 4540756 (N.D. Cal. Oct. 18, 2024) ......................... 4

*TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*,
No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505 (D. Minn. Aug. 20, 2013) ................. 3, 8, 11

*Wakehouse v. Goodyear Tire & Rubber Co.*,
No. 8:05-CV-422, 2006 WL 47426 (D. Neb. Jan. 9, 2006) ....................................................... 5

*Wells Fargo & Co.*,
898 F.3d 820 (8th Cir. 2018) ....................................................................................................... 9

## Rules

Fed R. Civ. P. 26(a)(1) ...................................................................................................................... 8

Fed. R. Civ. P. 26(a)(1)(C) ............................................................................................................. 12

Fed. R. Civ. P. 26(b) ..................................................................................................................... 5, 7

Fed. R. Civ. P. 26(c) ................................................................................................................... 8, 12

Fed. R. Civ. P. 26(c)(1) .................................................................................................................... 3

## <u>Other Authorities</u>

*Wright & Miller, Federal Practice and Procedure*: *Civil* § 2035 .................................................... 1

**INTRODUCTION**

A party that asks a federal court to halt discovery must prove its need for that relief. "The proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997)—and under Rule 26(c), the rule Defendants invoke, good cause requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65). Defendants' Motion to Vacate Deadline for Initial Disclosures and to Stay Discovery (Dkt. No. 22, the "Motion") does not attempt that showing. Instead, it offers Defendants' confidence in their own Motion to Dismiss (Dkt. No. 13) and generalized descriptions of ERISA class-action discovery. The Motion identifies no custodians, no document volume, no cost, and no facts about this Plan, this Committee, the disclosures due on August 4, or the discovery on the horizon.

That failure decides the Motion. First, Defendants make no particular and specific showing of hardship—and in the parties' Joint Rule 26(f) Report, Defendants themselves describe discovery in this case as "[f]airly simple and routine" and represent that "the number of custodians here would be low." Dkt. No. 25 (the "Report") § 6(d) & Sch. A ¶ 1. Second, likelihood of success cannot carry a stay: in *NetChoice, LLC v. Griffin*, No. 5:23-CV-5105, 2024 WL 1262476, at *4-5 (W.D. Ark. Mar. 24, 2024), this Court declined to stay discovery entirely even though the movant's likelihood of success rested on the Court's own preliminary-injunction ruling—and Defendants offer only their own assessment of a contested, undecided motion. Third, a stay with no fixed end date would prejudice Plaintiffs and the Plan's thousands of participants, while denial requires of Defendants nothing beyond what the Rules require of every litigant. And the judicial economy Defendants promise is the first argument again—a wager on their own Motion to Dismiss. The Court should deny the Motion.

1

**BACKGROUND**

Plaintiffs filed this action on April 6, 2026, on behalf of the Washington Regional 401(k) Plan (the "Plan") and its participants, alleging Washington Regional Medical System ("Washington Regional") and the Pension Committee (the "Committee") (together, the "Defendants") breached ERISA's fiduciary duties by retaining the American Century One Choice target-date series (the "AC TDFs") despite years of underperformance, and that Washington Regional failed to monitor the fiduciaries it appointed. Dkt. No. 2 ("Compl.") ¶¶ 3-4, 9, 12, 137-40. The Plan held $240,478,666 for 4,085 participants at the end of 2024. *Id.* ¶ 19. Defendants moved to dismiss on June 15, 2026, and briefing closed on July 7. Dkt. Nos. 13, 18, 21.

One week after Defendants moved to dismiss, the Court entered its Initial Scheduling Order. Dkt. No. 17 (the "ISO"). The ISO directed the parties to hold their Rule 26(f) conference by July 14 and to file a joint report by July 28; ordered each party to make its Initial Disclosures under Rule 26(a)(1) "and produce core discovery documents as agreed" by August 4; authorized the parties "to commence formal discovery in accordance with the Rules"; and set a Case Management Hearing for August 10, at which the Court will set a firm trial date and hear argument on "any pending motions which may be ripe for consideration." *Id.* ¶¶ 1-6. The ISO also addressed the circumstance this Motion presents: "Ordinarily, the fact that a dispositive motion is pending does not excuse the obligation to provide mandatory disclosures pursuant to Rule 26(a)(1)." *Id.* ¶ 4. The ISO permits a party, "where reasonable and appropriate," to object to making Initial Disclosures under Rule 26(a)(1)(C), with any such objection "addressed during the Case Management Hearing"—without excusing "disclosures as to non-objectionable matters." *Id.* ¶ 4 & n.1.

The parties held their Rule 26(f) conference on July 14. Plaintiffs served written discovery on Defendants that day; responses are due August 13, 2026. Report § 6(a). Defendants filed this

2

Motion the next day, asking the Court to vacate the August 4 Initial Disclosures deadline and stay all discovery. Dkt. No. 22; Memorandum of Law in Support (Dkt. No. 22-1, the "Stay Memo") at 8. The parties filed their Joint Rule 26(f) Report on July 28. Dkt. No. 25. In it, Defendants object under Rule 26(a)(1)(C) to the exchange of initial disclosures and core documents "unless and until the Court denies Defendants' pending Motion to Dismiss." Report § 3.

## LEGAL STANDARD

Rule 26(c) permits an order protecting a party from "undue burden or expense" only "for good cause." Fed. R. Civ. P. 26(c)(1). The burden rests on the movant: good cause "contemplates 'a particular and specific demonstration of fact.'" *Gen. Dynamics*, 481 F.2d at 1212. "Generally, the filing of a motion to dismiss, by itself, does not constitute 'good cause' to stay discovery pursuant to Rule 26(c)(1)." *Marlon Blackwell Architects, P.A. v. HBG Design, Inc.*, No. 4:19-CV-00925 KGB, 2020 WL 7007993, at *1 (E.D. Ark. Nov. 18, 2020) (citing *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) (quoting same)).

The inherent power Defendants also invoke carries the same discipline: "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The movant's burden "includes a presumption favoring the party opposing a stay," and "a district court should exercise its discretionary power to stay proceedings in moderation." *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1007 (D. Minn. 2018). In deciding whether to stay discovery pending a dispositive motion, this Court considers (1) the movant's likelihood of success on the dispositive motion; (2) hardship or

3

inequity to the movant absent a stay; (3) prejudice to the non-movant from a stay; and (4) the conservation of judicial resources. *NetChoice*, 2024 WL 1262476, at *4 (quoting *Jason M. Hatfield, P.A. v. Ornelas*, No. 5:22-CV-05110, 2022 WL 3129069, at *1 (W.D. Ark. Aug. 4, 2022)).

## ARGUMENT

### I. Defendants make no particular and specific showing of hardship: the Motion rests on other cases' records, and Defendants describe discovery as simple, routine, and limited.

The hardship factor asks what proceeding through discovery would actually cost these Defendants. The Stay Memo never says. Its showing is two pages describing ERISA class discovery in the abstract—one-sided, "spanning a period of more than six years," and purportedly heightened by the "broad-ranging nature of the claims"—with every supporting quotation drawn from other cases: the "ominous" discovery prospect the Second Circuit described in *Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 719 (2d Cir. 2013), and the "voluminous document production" forecast on the record in *Rajappan v. Bloomberg L.P.*, No. 26-CV-785 (GHW) (BCM), 2026 WL 1803704, at *2 (S.D.N.Y. June 23, 2026). Stay Memo at 6-7. Defendants identify no number of custodians, no document volume, no cost estimate, and no concrete burden of making their disclosures or participating in discovery in this case. No declaration accompanies the Motion.

That is not a "particular and specific demonstration of fact," *Gen. Dynamics*, 481 F.2d at 1212—and courts deny stays on exactly this kind of record, *see Rubke v. ServiceNow, Inc.*, No. 24-CV-01050-TLT (PHK), 2024 WL 4540756, at *5 (N.D. Cal. Oct. 18, 2024) (declining, in a challenge to the same AC TDFs at issue here, to halt discovery where the defendants "submitted no declarations to substantiate the bald attorney argument" of undue burden); *see also Christopherson v. Cinema Ent. Corp.*, No. 23-CV-3614 (JWB/LIB), 2024 WL 1120925, at *6 (D.

4

Minn. Mar. 6, 2024) (denying stay of discovery pending a motion to dismiss in a putative class action where the movant "fail[ed] to highlight any specific discovery requests served upon it or articulate how responding to any specific discovery requests will unduly prejudice it beyond the prejudice and hardship inherent in litigation"). Defendants' silence is not for lack of information. Plaintiffs' first sets of written discovery have been in their hands since July 14—before they moved to stay. Report § 6(a). Defendants have not told this Court what answering a single one of those requests would require, or cost.

The asymmetry Defendants emphasize—that the fiduciary-process record "falls almost entirely to defendants," Stay Memo at 6—is not a hardship peculiar to this case; it is the settled premise of ERISA litigation. "No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009). Nor is the ordinary weight of litigation a cognizable hardship: "[m]ere compliance with a discovery schedule or expenditure of resources pursuant to the instant claims is not hardship which would justify a stay of proceedings." *Wakehouse v. Goodyear Tire & Rubber Co.*, No. 8:05-CV-422, 2006 WL 47426, at *2 (D. Neb. Jan. 9, 2006). Defendants' authorities agree: "[e]ven if discovery proceeds, Defendants will still have the protections of Federal Rule of Civil Procedure 26(b)," and "[t]he general burden of participating in the discovery process exists in every case." *Dixon v. Edward D. Jones & Co., L.P.*, No. 4:22-CV-00284-SEP, 2022 WL 4245423, at *3-4 (E.D. Mo. Sept. 15, 2022).

And where their authorities did find a burden, they found it on evidence. The movants in *Rajappan* filed a declaration: their counsel attested that the committee materials there make "multiple references to meeting decks that contain approximately a hundred pages each," and it was on that record that the court found it "fairly clear that discovery will likely involve voluminous

5

document production and review." 2026 WL 1803704, at *2. *Rajappan* also applied a different test, from a different jurisdiction. The Southern District of New York weighs: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Unlike the test this Court applies, that one contains no hardship-to-the-movant factor at all—yet Defendants cite *Rajappan* under the heading "Defendants Will Suffer Hardship and Inequity if Discovery is Not Stayed." Stay Memo at 6.

The *Rajappan* court discussed burden in the context of the first factor it analyzed (breadth); because the plaintiffs challenged two plan investments, the defendants had two chances to narrow the case. 2026 WL 1803704, at *2 ("if the motion to dismiss the FAC is granted, there will be no need for discovery, and if it is granted in part (for example, in relation to one of the two funds at issue), the discovery burden will be significantly reduced" (citation omitted)). Here, the claims involve only the AC TDFs and the Motion to Dismiss is thus all-or-nothing—Defendants have one chance, not two, to narrow the case so there is no need to wait and see if the scope of discovery can be pared down. Moreover, applying *Rajappan*'s avoidance reasoning to the hardship factor would collapse that factor into the likelihood of success factor: discovery is narrowed or avoided whenever a dispositive motion succeeds, which is why "the mere filing of a motion to dismiss, on its own, is not sufficient to support a stay of discovery." *Dixon*, 2022 WL 4245423, at *2.

And the *Raimo v. Wash. Univ. in St. Louis* court's decision turned on the absence of any central repository for the relevant documents, No. 4:20-CV-00634-SEP, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021)—reasoning the same court later cabined in *Dixon*, observing that the movants there "rel[ied] too heavily on *Raimo*," 2022 WL 4245423, at *3. Defendants submit no declaration, identify no volume, and point to no comparable fact here. Any burden that later

6

materializes has remedies short of a halt: a protective order on a particular showing, Fed. R. Civ. P. 26(b)-(c); the ISO's objection mechanism and its good-cause extensions for document production, Dkt. No. 17 ¶ 4 & nn.1-2; and its order against privilege waiver, *id.* ¶ 7.

Defendants' own account of this case confirms that no protection is needed. In the Report, Defendants describe this lawsuit as "a standard, single-investment challenge to the inclusion of the American Century TDF suite in the Plan's investment lineup"; represent that "[t]he decisions at issue and the monitoring of that investment were made by the Defendant Committee," which "meets in an organized fashion and maintains plan-related documents, meeting materials, and minutes associated with such meetings"; and state that they "would produce those documents— which are essentially the core documents described above, and which constitute the bulk of relevant documents to be produced in this matter—without the need for any ESI Protocol." Report § 6(d).[1] Defendants add that "the number of custodians here would be low, as would the number of search terms given the narrow scope of Plaintiffs' challenge." Report Sch. A ¶ 1.

On the core documents, the parties are "generally aligned on the scope" and the disagreement is primarily one of timing. Report § 5. Indeed, Defendants emphasize "the fact that the Parties have *agreed* upon core categories of documents for production, which Defendants would produce near the outset of the discovery period, if Defendants' Motion to Stay were denied." Report Sch. F ¶ 1. They further propose "a six-month discovery period," which they say "is sufficient in this targeted, single-investment challenge." Report § 6(a). Plaintiffs propose eleven months, measured from the Case Management Hearing instead. *Id*. But a movant cannot represent that discovery in this case can be completed in six months—from an organized, maintained set of

---

[1] Plaintiffs take a different view on ESI. Report Sch. A ¶ 1. Resolution of the parties' ESI disagreements are deferred to a meet-and-confer that follows the Court's ruling on this Motion, and none bear on the initial disclosures due August 4. *Id*. Sch. A ¶¶ 3(A)-(B).

committee materials, with a low custodian count and no ESI protocol—and invoke "ominous" ERISA discovery to justify halting it. Stay Memo at 6-7. A generic profile of an ERISA class action cannot supply the particular and specific showing Rule 26(c) demands here.

## II. Likelihood of success cannot carry the Motion.

Defendants contend they must show more than a "mere possibility of success" but need not establish a "greater than fifty percent probability of succeeding." Stay Memo at 4 (quoting *Dixon*, 2022 WL 4245423, at *2). On that basis, they say, "Defendants easily meet that standard." Stay Memo at 4. Doubtless, every movant believes as much of its own motion. But according to Defendants' own authorities, that belief is not cause to stop discovery: "the mere filing of a motion to dismiss, on its own, is not sufficient to support a stay of discovery," *Dixon*, 2022 WL 4245423, at *2; *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18CV01959 PLC, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019) (a motion to dismiss is "insufficient in and of itself" to support a stay). And courts deny stays of discovery even where the movant has "filed a potentially viable motion to dismiss." *TE Connectivity*, 2013 WL 4487505, at *2 (the court will rule on dismissal in due course, and "[i]n the meantime, discovery may proceed"). The ISO states the same default for this case: a pending dispositive motion "[o]rdinarily . . . does not excuse" Rule 26(a)(1) disclosures. Dkt. No. 17 ¶ 4.

The first factor cannot carry the load Defendants assign it. In *NetChoice*, the movant's likelihood of success rested on more than self-assessment: this Court had already preliminarily enjoined the challenged statute, and it found that the first factor weighed in the movant's favor. 2024 WL 1262476, at *4. The Court nonetheless declined to stay discovery entirely, because the movant had not shown that the discovery imposed an undue hardship, a complete stay "would risk prejudice" to the non-movant, and allowing the case to develop was "an efficient use of judicial resources." *Id.* at *4-5. Nor did *NetChoice* excuse initial disclosures: the same order set a new

8

initial-disclosure deadline. *Id.* at \*5 & n.3. If a movant whose success this Court had itself forecast could not obtain a complete stay, Defendants—offering only their own estimation of a contested, undecided motion—cannot.

Plaintiffs will not reprise their Opposition to the Motion to Dismiss here; it speaks for itself. Dkt. No. 18. Whether the Complaint's four named comparator suites and thirteen performance metrics state a claim under *Meiners v. Wells Fargo & Co.*, 898 F.3d 820 (8th Cir. 2018), and *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274 (8th Cir. 2022), is the question the Court will decide on the full briefing before it.

Nor do the stays Defendants collect show that stays are the norm in this District. They support their contention that "Courts in this Circuit regularly grant motions to stay discovery pending resolution of a motion to dismiss," Stay Memo at 3, with references to docket-entry orders in three cases involving unrelated claims brought by pro se plaintiffs—two of them on unopposed motions. *See Dunn v. Nelnet*, No. 5:25-CV-05107-TLB, Dkt. No. 33 (Defendant Nelnet Servicing, LLC's Memorandum in Support of its Motion to Stay Discovery, noting the plaintiff did not oppose the request); *Hammack v. Becerra*, No. 2:23-CV-02118-TLB, Dkt. No. 21 (Unopposed Motion to Stay); *Nesbitt v. Trans Union, LLC*, No. 5:26-CV-05085-DCF, Dkt. No. 54 (order granting a contested and an unopposed motion to stay). *Jason M. Hatfield, P.A. v. Ornelas*, cited by Defendants for the four-factor test, also involved an unopposed motion. 2022 WL 3129069, at \*1 ("Plaintiff has not filed a response, but no response is necessary.").

And the out-of-district decisions Defendants press granted stays on different facts and claims: most involved a discovery-independent bar that promised to end the case without any factual development. *See Boyd v. Deadwood Tobacco Co.*, No. 5:24-CV-05017-CCT, 2024 WL 5167746, at \*2 (D.S.D. Dec. 19, 2024) (forum non conveniens); *Dufrene v. ConAgra Foods, Inc.*,

9

No. 15-CV-3796 (WMW/LIB), 2016 WL 10651947, at *3 (D. Minn. Apr. 7, 2016) (addressing movant's argument that the Chapter 13 debtor lacked standing to prosecute claims belonging to the estate and failed to disclose the claims to the Bankruptcy Court); *Physicians Home Health*, 2019 WL 4644021, at *4-6 (administrative exhaustion under the Medicare Act); *Blair v. Douglas County*, No. 8:11CV349, 2013 WL 2443819, at *2 (D. Neb. June 4, 2013) (qualified immunity, asserted on summary judgment). Defendants invoke no threshold doctrine of any kind—only a contested plausibility motion.

### III. A stay would prejudice Plaintiffs and the class, while denial requires nothing of Defendants beyond what the Rules require of every litigant.

Defendants promise the stay would be "relatively short" because the Motion to Dismiss is "already under advisement." Stay Memo at 7 (quoting *Dufrene*, 2016 WL 10651947, at *4). *Dufrene* said that in a two-party employment case in which the only discovery still pending was a Rule 30(b)(6) deposition and supplemental written-discovery answers, and four months remained in the discovery period. 2016 WL 10651947, at *4. Here, a stay "pending resolution" of the Motion to Dismiss has an event as its endpoint, not a date—and it would run while the Court sets the trial schedule that the ISO keys to the length of discovery. Dkt. No. 17 ¶ 5. This Court recognized the risk in *NetChoice*: even with the movant's success likely, "it would risk prejudice" to the non-movant "to completely stay discovery." 2024 WL 1262476, at *4. Plaintiffs sue on behalf of a Plan holding the retirement savings of 4,085 participants and seek prospective equitable relief for a Plan that continues to operate. Compl. ¶¶ 4, 19. A stay leaves the case standing still.

Defendants' remaining points miss the prejudice at issue. That financial documents are preserved, Stay Memo at 7 (citing *Rajappan*, 2026 WL 1803704, at *3), answers a spoliation argument Plaintiffs do not make; the prejudice of a stay is a displaced schedule and a delayed record, not lost paper. And the record here is not only paper. Defendants themselves frame the case

10

this way: "[t]he decisions at issue and the monitoring of that investment were made by the Defendant Committee, and the ultimate factual inquiry goes to that Committee's process." Report Sch. A ¶ 1. Proving that process will require the testimony of the Committee members who carried it out. A duty to preserve documents does not preserve memories, including those concerning Defendants' investment review process from 2018, and it does not keep witnesses within reach. The second factor in *Rajappan* turned in part on the plaintiff's failure to claim that "any particular deposition testimony or other non-documentary evidence" was "crucial." *Rajappan*, 2026 WL 1803704, at *3. Plaintiffs make that claim here. And because a stay carries at least "a fair possibility" of that damage, *Landis* requires Defendants to "make out a clear case of hardship or inequity in being required to go forward." 299 U.S. at 255. As Section I shows, they have not attempted one.

### IV. A stay would not conserve judicial resources; the promised economy materializes only if the Motion to Dismiss succeeds in full—the likelihood argument under another name.

Defendants' economy argument rests on the premise that their Motion to Dismiss "could result in the dismissal of all claims." Stay Memo at 8. Their authorities credited this factor on that basis. *E.g.*, *Physicians Home Health*, 2019 WL 4644021, at *6 (granting stay where "all the claims will be resolved if the motion to dismiss is granted"). But that is the first factor again, wearing a second label: every motion to dismiss an entire complaint "could" end the case, and if that possibility alone conserved judicial resources, the fourth factor would follow the first automatically. Courts deny stays notwithstanding the same possibility. *TE Connectivity* assumed a "potentially viable" dispositive motion and let discovery proceed. 2013 WL 4487505, at *2. And this Court in *NetChoice* held that allowing the case to develop was itself "an efficient use of judicial resources." 2024 WL 1262476, at *5. This Court's decision in *Hum. Rts. Def. Ctr. v. Baxter Cnty., Ark.* points the same way: even a qualified-immunity defense—an immunity from suit itself—

11

yielded a stay only of the discovery "solely relevant" to the protected claims, with the case-management hearing and every other obligation left in place. No. 5:17-CV-3070, 2017 WL 5593781, at *1-2 (W.D. Ark. Nov. 21, 2017) ("The Court is not persuaded that a total stay is warranted, much less appropriate, in this case."). Defendants ask for categorically more on categorically less. The economical course is the one the Court has already built: disclosures, particular objections, and ripe motions addressed together on the existing schedule.

## CONCLUSION

Rule 26(c) assigns Defendants the burden of a particular and specific showing, and the Motion never makes one: it offers no hardship beyond the profile of other cases—a profile Defendants' own Report contradicts here; a likelihood argument that cannot alone carry a stay; a prejudice analysis that ignores the 4,085 participants whose case would stand still; and an economy that materializes only if Defendants win their Motion to Dismiss outright. The Court should deny the Motion. If any disclosure genuinely warrants protection, the ISO already supplies the vehicle: an objection under Rule 26(a)(1)(C), addressed at the Case Management Hearing, with disclosures exchanged as to all non-objectionable matters on August 4. Dkt. No. 17 ¶ 4 & n.1. Confidence is not cause, and generalities are not facts. Discovery should proceed.

DATED: July 29, 2026

Respectfully submitted,

*/s/ Ryan M. Tucker*
Ryan M. Tucker*
John D. Hughes*
**MILBERG, PLLC**
800 S. Gay St., Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
rtucker@milberg.com
jhughes@milberg.com
*Admitted pro hac vice*

Josh Sanford
Arkansas Bar No. 2001037

12

**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
josh@sanfordlawfirm.com

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ryan M. Tucker
Ryan M. Tucker

13